IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| William Martin, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No.  05-1029 |
| ) | |
| Donald Snyder, Jr., ) | |
| George Schultz, and ) | |
| Illinois Department of Corrections, ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on the motion to dismiss by Defendants Snyder and the Illinois Department of Corrections ("IDOC").  For the reasons below, the court recommends the motion be granted in part and denied in part.

## STANDARD OF REVIEW

Plaintiff's allegations are accepted as true for purposes of ruling on Defendants' motion to dismiss, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to Plaintiff.  Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004); Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).  "'A court may dismiss

a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## ALLEGATIONS

Plaintiff served time in the IDOC pursuant to his criminal convictions, and was released under mandatory supervision on February 27, 2002. He remained under mandatory supervised release for one year, until February 27, 2003.

Plaintiff was never placed under home detention during his mandatory supervised release, nor was he ever advised to remain within his residence or property. Nevertheless, around March 2, 2002, a few days after Plaintiff's release from prison, Defendant Schultz (Plaintiff's parole officer) attached an electronic monitoring device to Plaintiff. Plaintiff could not remove the device without leave from Defendant(s). The device was removed upon expiration of Plaintiff's mandatory supervised release, on or around February 27, 2003.

Plaintiff alleges the electronic monitoring "was excessive, served no law enforcement or correctional purpose, and was an abuse of authority

and a violation of Plaintiff's civil rights." (d/e 1, ¶ 12). He filed this lawsuit on January 27, 2005.

## ANALYSIS

Defendants do not move to dismiss for failure to state a claim, so the Court expressly declines to address whether Plaintiff states a federal claim for the violation of his Constitutional rights.

### I. STATUTE OF LIMITATIONS

Defendants[1] argue that Plaintiff's claims are barred by the statute of limitations. The parties agree that Illinois' two-year statute of limitations governs Plaintiff's 42 U.S.C. § 1983 claims. Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001).

Defendants assert that Plaintiff's claim accrued on March 2, 2002, when the electronic monitoring device was first installed. Plaintiff maintains that his action did not accrue until the device was *removed*, because its presence was a continuing violation. Alternatively, Plaintiff argues that his claim is timely under principles of equitable tolling, equitable estoppel, or the "discovery rule."

---

[1] According to the docket, Defendant Schultz has not yet appeared in this action. For purposes of this order, references to "Defendants" means Defendants IDOC and Snyder, not Shultz.

Generally, a cause of action under § 1983 accrues when a plaintiff "knew or should have known of the alleged violations."  See Gonzalez v. Entress, 133 F.3d 551 (7th Cir. 1998).  An exception to this rule applies when "a series of wrongful acts creates a series of claims," sometimes referred to as the "continuing violation" theory.  Heard v. Sheahan, 253 F.3d 316, 318 (7th Cir. 2001)("Every day [defendants] prolonged [plaintiff's] agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew . . .").  In contrast, lingering injuries from a single constitutional violation do not fall under the continuing violation doctrine.  Macklin v. U.S., 300 F.3d 814, 824 (7th Cir. 2002)(tax lien challenge untimely where lien imposed outside time limits, even though plaintiff repeatedly asked for lien's removal in following years); Clark v. City of Braidwood, 318 F.3d 764 (7th Cir. 2003)(continuing violation did not apply to landowner's claim that sewer pipes were illegally installed on his property); Pitts v. City of Kankakee, 267 F.3d 592 (7th Cir. 2001)(action accrued on date city placed slumlord signs–no "fresh violation" even though city refused to take down signs in years following).

The parties cite no case dealing with alleged wrongful electronic monitoring.  The Court's own research in this Circuit uncovered only one analogous case, a Northern District case that concluded that the continuing violation theory did apply to alleged wrongful electronic home detention. Taylor v. Remmers, 2002 WL 554520 (N.D. Ill. 2002)(" . . .if the plaintiff's placement on electronic detention were wrongful, every day that his liberty remained restricted prolonged his injury and caused the statute of limitations to start running anew.")(not reported in F.Supp.2d).[2]

Given the lack of precedent and thin record, the Court does not believe the question is properly resolved at this stage.  In any event, resolution of the continuing-violation question would not resolve whether Plaintiff's claim is timely.  In addition to that theory, Plaintiff also argues his claim is timely because Defendants actively "misled him into believing the fitting of the device was or would become a legitimate consequence of MSR . . . ."  (d/e 8, p. 2).[3]   He advances that he "could not have

---

[2] That ruling did not help the plaintiff in Taylor, since his claim was ultimately dismissed for failure to state a claim.

[3] It is not clear how he was misled–he advances only that the attachment of the device on him coupled with the terms of his Mandatory Supervised Release Agreement misled him to believe the monitoring was legal and required.  The Court has not considered the Agreement, attached as an exhibit to Plaintiff's response.

discovered that he was wearing an electronic monitoring device in violation of his rights until it became clear that he was not going to be placed on home detention." (d/e 8, p. 4).

Regardless of the legal box it fits in, Plaintiff's basic premise is that he could not have reasonably known that his rights were violated when the device was attached.[4] "[A]t this stage, the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations." Clark v. City of Braidwood, 318 F.3d 764, 768 (7th Cir. 2003)(citation omitted)(emphasis in original). If Plaintiff can prove that a "reasonable person would not have discovered the injury earlier," id., or, perhaps, that Defendants' conduct warrants application of an equitable estoppel doctrine, then he may have a defense to the statute of limitations.[5]

---

[4] This argument is probably best characterized as the "discovery rule, which postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured." Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003); cf. Mitchell v. Donchin, 286 F.3d 447, 450 (7th Cir. 2002)("'Equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time.'"); Clark, 318 F.3d at 767 ("equitable tolling assumes that the plaintiff knows he has been injured . . .however, . . he cannot obtain information necessary to file suit).

[5] In Clark, the legal injury was the burying of water and sewer pipes on the plaintiff's land. The plaintiff in Clark arguably had a stronger argument that he was unaware of the injury because the pipes were buried. Here, Plaintiff obviously knew he was wearing the device. However, he asserts he could not have reasonably known it was not a condition of his parole until some later, unspecified date.

The Court cannot require him to plead facts to negate affirmative defenses. Clark, 318 F.3d at 767. Accordingly, the Court believes dismissal on statute of limitations grounds would be premature.

## II. IDOC AS DEFENDANT

Plaintiff takes no position on Defendants' argument that the IDOC is not a "person" within the meaning of 42 U.S.C. § 1983. (d/e 8, p.5). Defendants are correct. IDOC is a state entity, and the State of Illinois is not a "person" under § 1983. Arsberry v. Illinois, 244 F.3d 558, 561 (7th Cir. 2001); Sanville v. McCaughtry, 266 F.3d 724, 732-33 (7th Cir. 2001). Additionally, IDOC enjoys Eleventh Amendment immunity from damages. Wynn v. Southward, 251 F.3d 588, 591 (7th Cir. 2001); Wilson v. Cooper, 922 F.Supp. 1286 (N.D. Ill. 1996). The Court therefore recommends dismissal of Defendant IDOC from Plaintiff's § 1983 claim. Defendants do not move for dismissal of IDOC from the state claims, so the Court does not address that question.

## III. QUALIFIED IMMUNITY

Defendants argue that they are entitled to qualified immunity because "even if a constitutional right had been violated (which is not the case here) . . . that 'right' was not clearly established . . . at the time of the alleged violation." (d/e 6, p.6)(parenthetical in original).

"When confronted with a claim of qualified immunity, a court must ask first the following question: 'Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'" Brosseau v. Haugen, 125 S.Ct. 596 (2004), *quoting* Saucier v. Katz, 533 U.S. 194, 201 (2001).  Supreme Court precedent warns against bypassing the first question and "skipping ahead" to the second–whether that right was clearly established.  Saucier, 533 U.S. at 201.  The Court therefore declines Defendants' invitation to assume without deciding that Plaintiff's allegations make out a Constitutional claim.

Since Defendants have not addressed whether Plaintiff states a Constitutional claim, their qualified immunity argument is undeveloped and should be denied.  The Court cannot determine whether the constitutional right was clearly established until it first determines whether there is a right at all.  That determination should be made with full input from the parties.  Defendants may raise their qualified immunity argument again in a thoroughly briefed motion that addresses whether Plaintiff's allegations state a claim for the violation of his Constitutional rights.

WHEREFORE, the Court RECOMMENDS that the motion to dismiss by Defendants IDOC and Snyder be granted in part and denied in part (d/e 5).  The Court recommends dismissal of Defendant IDOC from

Plaintiff's claims based on 42 U.S.C. § 1983.  The Court recommends denial of the motion to dismiss in all other respects.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   August 1, 2005

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE