E-FILED
Thursday, 06 April, 2006  09:39:20 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
WILLIAM MARTIN,                )
                               )
        Plaintiff,             )
                               )
    v.                         )    Case No. 05-1029
                               )
DONALD SNYDER, JR., ILLINOIS   )
DEPARTMENT OF CORRECTIONS, and )
GEORGE SCHULTZ,                )
                               )
        Defendants.            )
```

# O R D E R

Before the Court are Defendant Illinois Department of Corrections' ("IDOC's") Motion for Summary Judgment [Doc. # 12] and Plaintiff's Motion to Vacate Dismissal as to Defendant George Schultz [Doc. # 17]. For the reasons that follow Defendant IDOC's motion will be granted and Plaintiff's motion will be denied.

**I.     IDOC's Summary Judgment Motion**

The Court previously dismissed Plaintiff's federal claims against IDOC. The only remaining claims against IDOC are state law claims for false imprisonment and abuse of process. IDOC now moves to have these claims dismissed arguing they are barred by sovereign immunity as the claims are in effect against the state. Plaintiff has not responded to this motion and the time for doing so has passed. The Court agrees that Plaintiff's state law claims against IDOC are barred by sovereign immunity. See Turner v. Miller, 301 F.3d 599, 602 (7th Cir. 2002) (sovereign immunity barred Illinois state law official capacity claim for negligence against prison official in any court other than the Illinois Court of Claims).

**II.   Motion to Vacate**

In this motion, Plaintiff moves to vacate the dismissal of Defendant George Schultz.  On November 29, 2005, this Court adopted a November 9, 2005 Report and Recommendation (R & R) by Magistrate Judge Cudmore recommending dismissal of Defendant George Shultz because Plaintiff had not taken steps to perfect service on him. In that R & R , Judge Cudmore noted:

> On January 27, 2005, Plaintiff filed his Complaint herein and paid all filing fees in full.  A summons was issued by the Office of the Clerk as to Defendant George Schultz.  However, the court file reflects that Plaintiff has not taken steps to perfect service on Defendant Schultz. Federal Rule of Civil Procedure 4(m) directs that a Plaintiff must serve a Defendant within 120 days of filing of the Complaint.  On May 27, 2005, the 120 days for service lapsed.  Plaintiff was reminded of the need to perfect service on Defendant Schultz by this Court's text order of August 25, 2005 and advised if service was not perfected, the case as to Defendant Schultz was subject to dismissal for want of prosecution. Plaintiff was given until September 9, 2005 to accomplish service. As of this date, Plaintiff has failed to comply with Rule 4(m) as to Defendant George Schultz. Therefore, the Court recommends that Plaintiff's Complaint as to Defendant George Schultz only, be dismissed for want of prosecution.

In support of the motion to vacate, Plaintiff's current attorney, Steve Thomas, asserts that Plaintiff's former attorney, Robert Auler, was suspended from practice on October 17, 2005 for a period of 5 months and 25 days.  Thomas alleges that Auler's email account, to which all the electronic notices in this case were sent, was not readily accessible, and therefore Thomas did not receive the notices of activity in this case, including the notice of the above R & R.  Therefore, Thomas argues, Plaintiff was not given proper notice of the impending dismissal of Defendant

2

Schultz.

The Court disagrees. On August 25, 2005, Plaintiff was warned to "take action to move litigation forward as to Defendant George Schultz." This was over a month prior to Attorney Auler's suspension. Moreover, nine months passed between the filing of the Complaint and the R & R recommending dismissal, and no activity was taken to serve Defendant Schultz. Under these circumstances, the Court finds Plaintiff had sufficient notice that his claims against Schultz would be dismissed if Schultz was not served, and he failed to do so. Accordingly, Plaintiff's motion is denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Illinois Department of Corrections' Motion for Summary Judgment [Doc. # 12] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Vacate Dismissal as to Defendant George Schultz [Doc. # 17] is DENIED.

IT IS FURTHER ORDERED that this case is referred to Magistrate Judge Cudmore for further pretrial proceedings.


Entered this  5th  day of April, 2006.


                                                  s/ Joe B. McDade
                                              JOE BILLY McDADE
                                     United States District Judge